**FILED**
DEC 16 2009 **NF**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **09 CR 1036** |
| v. ) | Violations: Title 21, United States |
| ) | Code, Sections 843(b) and 846, |
| RODERICK BELANGER; aka "P" and ) | Title 18, United States Code, |
| "Pumkin;" ) | Section 2. |
| ADRIAN THOMAS; aka "Black Buddy;" ) | |
| and ) | **JUDGE GETTLEMAN** |
| CRYSTAL PARTEE; aka "Dominique." ) | |

**MAGISTRATE JUDGE NOLAN**

## COUNT ONE

THE SPECIAL SEPTEMBER 2008 GRAND JURY charges:

1. Beginning no later than in or about September 2008, and continuing until in or around July 28, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere:

RODERICK BELANGER; aka "P" and "Pumkin;"
ADRIAN THOMAS; aka "Black Buddy;" and
CRYSTAL PARTEE; aka "Dominique,"

defendants herein, did conspire with each other, Richard Harrington, David Wilson, and others known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, namely, 500 grams or more of mixtures and substances containing a detectable amount of cocaine and 50 grams or more of mixtures and substances containing cocaine base in the form of crack cocaine (hereinafter "crack cocaine"), Schedule II Narcotic Drug Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. It was part of the conspiracy that RODERICK BELANGER, ADRIAN THOMAS, and others ran a crack cocaine distribution organization (the "Danville Organization") which obtained large amounts of cocaine from Chicago, Illinois, for resale in Danville, Illinois, and elsewhere.

3. It was further part of the conspiracy that the Danville Organization obtained wholesale amounts of cocaine from cocaine suppliers, including Richard Harrington in Chicago, Illinois for resale to others.

4. It was further part of the conspiracy that Richard Harrington and other cocaine suppliers frequently "fronted" the wholesale cocaine to the Danville Organization, meaning that the narcotics were provided to the Danville Organization with the understanding that RODERICK BELANGER and ADRIAN THOMAS would make a complete payment for the cocaine after the cocaine was later sold by the Danville Organization

5. It was further part of the conspiracy that Danville Organization arranged to pick up wholesale quantities of cocaine from Richard Harrington in Chicago, Illinois, or to have Richard Harrington and others, including David Wilson, deliver the cocaine to members of the Danville Organization in Danville, Illinois.

6. It was further part of the conspiracy that the members of the Danville Organization cooked a portion of the cocaine which they obtained from the cocaine suppliers into crack cocaine, and repackaged the cocaine and crack cocaine into user-amounts for street sale to others.

7. It was further part of the conspiracy that the Danville Organization delivered the cocaine and crack cocaine to customers in or about Danville, Illinois.

8. It was further part of the conspiracy that CRYSTAL PARTEE drove ADRIAN THOMAS to locations in and around Danville, Illinois, so ADRIAN THOMAS could distribute cocaine and crack cocaine to customers.

9. It was further part of the conspiracy that the Danville Organization paid Richard Harrington for the cocaine by either traveling to Chicago, Illinois, to personally pay Richard Harrington, or by sending CRYSTAL PARTEE with drug proceeds to pay Richard Harrington.

10. It was further part of the conspiracy that defendants and other co-conspirators concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the conspiracy and the acts done in furtherance of the conspiracy, including but not limited to the use of coded language and counter-surveillance techniques to avoid detection and apprehension by law enforcement authorities;

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT TWO

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

On or about March 19, 2009, at approximately 6:38 p.m. (TP1 Call #5444), in the Northern District of Illinois,

ADRIAN THOMAS; aka "Black Buddy;"

defendant herein, knowingly and intentionally used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute controlled substances as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT THREE

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

On or about March 19, 2009, at approximately 9:52 p.m. (TP1 Call #5481), in the Northern District of Illinois,

CRYSTAL PARTEE; aka "Dominique,"

defendant herein, knowingly and intentionally used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute controlled substances as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## **COUNT FOUR**

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

On or about March 27, 2009, at approximately 7:54 p.m. (TP1 Call #6948), in the Northern District of Illinois,

RODERICK BELANGER; aka "P" and "Pumkin;"

defendant herein, knowingly and intentionally used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute controlled substances as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## COUNT FIVE

The SPECIAL SEPTEMBER 2008 GRAND JURY further charges:

On or about April 4, 2009, at approximately 9:21 a.m. (TP1 Call #7989), in the Northern District of Illinois,

RODERICK BELANGER; aka "P" and "Pumkin;"

defendant herein, knowingly and intentionally used a communication facility, namely a telephone, in committing and in causing and facilitating the commission of a felony violation of Title 21, United States Code, Section 846, namely, conspiracy to possess with the intent to distribute and to distribute controlled substances as charged in Count One of this Indictment;

In violation of Title 21, United States Code, Section 843(b).

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2008 GRAND JURY further alleges:

1. The allegations of Counts One through Five of this Indictment are realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2. As a result of their violations of Title 21, United States Code, Sections 843(b) and 846, as alleged in the foregoing Indictment,

> RODERICK BELANGER; aka "P" and "Pumkin;"
> ADRIAN THOMAS; aka "Black Buddy;" and
> CRYSTAL PARTEE; aka "Dominique,"

defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1), any and all property constituting and derived from, any proceeds they obtained, directly and indirectly, as a result of the violations of Title 21, United States Code, Sections 843(b) and 846.

3. The interests of the defendants subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853 include, but are not limited to $256,000.

4. If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred to, sold to, or deposited with a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value;

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belonging to defendants under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 21, United States Code, Section 853.

                        A TRUE BILL:

                        _____

                        FOREPERSON

_____
UNITED STATES ATTORNEY